1   Ronald P. Oines (State Bar No. 145016)
    Email:  roines@rutan.com
2   RUTAN & TUCKER, LLP
    611 Anton Boulevard, Fourteenth Floor
3   Costa Mesa, California 92626-1931
    Telephone:  714-641-5100
4   Facsimile:  714-546-9035

5   Gerald Levy (Pro Hac Vice)
    Richard H. Brown (Pro Hac Vice)
6   DAY PITNEY LLP
    7 Times Square
7   New York, New York 10036
    Telephone:  212-297-5800
8
    *Attorneys for Defendant/Counter-Claimant*
9   *Martin Professional, A/S*

10  James McQueen
    Email:  jmcqueen@mcqueenashman.com
11  McQueen & Ashman LLP
    1990 MacArthur Blvd.
12  Suite 1150
    Irvine, CA 92612
13  Telephone:  949-223-9601
    Facsimile:  949-223-9611
14
    *Attorneys for Plaintiff/Counter-Defendant*
15  *Elation Lighting, Inc.*

16              UNITED STATES DISTRICT COURT

17            CENTRAL DISTRICT OF CALIFORNIA

18  ELATION   LIGHTING,   INC.,   a        Case No. 08:07 CV 01217 (AG)(RNBx)
19  Nevada Corporation,

20          Plaintiff,
                                           **STIPULATED**
21                                         **PROTECTIVE ORDER**

22          v.

23  MARTIN  PROFESSIONAL,  A/S,  a
24  Denmark Company

25          Defendant.

26

27

28

                                           STIPULATED PROTECTIVE ORDER

1    **WHEREAS,** Plaintiff Elation Lighting, Inc. and Defendant Martin
2    Professional, A/S (collectively, "the Parties") hereby agree that in the course of this
3    litigation disclosure may be sought of information which a party or non-party
4    considers to be of a confidential, trade secret, and/or proprietary nature; and there is
5    a need to establish a mechanism to protect the disclosure of such confidential, trade
6    secret, and/or proprietary information in this action and that it be used solely in
7    connection with the litigation;

8    The Parties hereby agree that the following terms shall govern the disclosure
9    and use of confidential, trade secret, and/or proprietary information provided in
10   discovery in this action, and any related proceedings or appeals of this action, by
11   any party or third party.

12   **I.    DEFINITIONS**

13   The following definitions apply in this protective order:

14   A.    The designation "CONFIDENTIAL" may be applied by a party or
15   third party to any type of information which that party or non-party believes in good
16   faith constitutes, contains, reveals, or reflects proprietary or confidential financial,
17   business, technical, personnel, or related information.

18   B.    The designation "CONFIDENTIAL – ATTORNEY'S EYES ONLY"
19   may be applied by a party or third party to any type of information which it believes
20   in good faith would, or might reasonably have a tendency to, cause harm to the
21   business operations of the disclosing party or provide improper advantage to others,
22   if disclosed to the public without the restrictions set forth herein.  In designating
23   information as CONFIDENTIAL – ATTORNEYS EYES ONLY, the disclosing
24   party will make such designation only as to that information that it believes in good
25   faith   constitutes,   contains,   reveals,   or   reflects   proprietary   or   confidential
26   information, including unpublished financial data, pricing or cost information, sales
27   and profit information, business plans, research and development information and
28   other such sensitive information.

STIPULATED PROTECTIVE ORDER

-1-

1    C.    "Protected Information" refers to all information which is subject to
2 the designations "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES
3 ONLY" as described above.

4    D.    "Party" means every party to this action and every director, officer,
5 employee, and managing agent of every party to this action.

6    E.    "Non-Party" means every person or entity not a party to this action that
7 provides information, either testimonial or documentary, for use in this litigation
8 through discovery or otherwise.

9    F.    "Order" means this Protective Order.

10 **II.    TERMS OF THE PROTECTIVE ORDER**

11    **A.    Materials Subject to Designation.**

12    All depositions, originals and copies of transcripts of depositions, exhibits,
13 answers to interrogatories, responses to requests for admissions; and all documents,
14 materials, tangible things, and information obtained by inspection of files or
15 facilities, by production of documents or by identification of documents previously
16 gathered (hereinafter collectively referred to as "Information") may be designated
17 by the party or a third party producing the Information in conformity with the
18 definitions set forth above.

19    **B.    Persons Having Access to Protected Information.**

20    Except as provided in Paragraphs D and E below, Protected Information that
21 is designated as "Confidential" and all information derived therefrom (excluding
22 such information derived lawfully from an independent source) shall not be
23 disclosed in any way to any person or entity other than counsel of record for a party,
24 such counsel's staff, outside support, translation vendors, jury consultants (and
25 those working for such consultants) retained by counsel of record (provided such
26 vendors/consultants sign the Non-Disclosure Agreement attached hereto as Exhibit
27 A), court reporters transcribing testimony in the case, the parties to this action and
28 three current employees of the respective Parties, and the Court subject to Local

STIPULATED PROTECTIVE ORDER

-2-

1 Rule 79-5.1.

2     Before disclosure of Protected Information to any person or entity other than
3 counsel of record for a party, such counsel's staff, reporters transcribing testimony
4 in the case, and the Court (and its staff), the person to whom such information is to
5 be disclosed shall execute and deliver to the attorney of record making the
6 disclosure the Non-Disclosure Agreement attached hereto as Exhibit A.   The
7 attorney of record shall maintain the record of such executed Agreements until 60
8 days following the final disposition of this matter.   The recipients of all Protected
9 Information shall use such information only for the purpose of this litigation, and
10 shall not directly or indirectly use such information for any business, financial,
11 promotional, or any other purpose.

12     **C.     Persons Having Access to Confidential – Attorneys Eyes Only**
13     **Information.**

14     Except as provided in Paragraphs D and E below, Protected Information
15 designated as "Confidential – Attorneys Eyes Only" and all information derived
16 therefrom (excluding such information derived lawfully from an independent
17 source) shall not be disclosed to any person or entity other than the counsel of
18 record in this matter, such counsel's staff, outside support or translation vendors and
19 jury consultants (and those working for such consultants) retained by counsel of
20 record (provided such vendors/consultants sign the Non-Disclosure Agreement
21 attached hereto as Exhibit A), court reporters transcribing testimony in this case, or
22 the Court subject to Local Rule 79-5.1.   Such information shall be used only for the
23 purposes of this litigation, and shall not directly or indirectly be used for any
24 business, financial, promotional, or any other purpose.

25     **Disclosure To Experts.**

26     Documents designated as "CONFIDENTIAL" and "CONFIDENTIAL –
27 ATTORNEYS EYES ONLY" may be shown to any expert, together with his or her
28 clerical staff, who are retained by a party for the purpose of assisting with this

litigation. Before disclosure to any such expert, the person to whom such information is to be disclosed shall execute the Non-Disclosure Agreement attached hereto as Exhibit A. The attorney of record shall maintain the record of such executed Agreements until 60 days following the final disposition of this matter. The foregoing notwithstanding, any such expert who is an employee of a competitor of any of the parties (other than one of the parties) shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," and any such expert that is an employee of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL – ATTORNEYS EYES ONLY." Before disclosure of another party's CONFIDENTIAL – ATTORNEYS EYES ONLY information or documents to an expert, the party seeking to make such disclosure shall identify the expert.

If CONFIDENTIAL – ATTORNEYS EYES ONLY information is disclosed to an expert, the name and background of that expert shall be immediately disclosed to the parties.

**D.      Requests for Additional Disclosure.**

If any counsel of record desires to disclose any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" to any person other than those permitted to have access under Paragraphs II B, C, and D herein, that counsel shall first obtain the written consent of the party who designated the Protected Information (the "designating party") through such party's counsel of record or seek leave of Court to do so.

**E.      Challenges to the Propriety of a Confidentiality Designation.**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of information as Protected Information the

1  parties shall try first to resolve such dispute in good faith on an informal basis.  If
2  the dispute cannot be resolved, the objecting party may seek appropriate relief from
3  this Court in accordance with the provisions of Local Rules 37-1 and 37-2.

4       **F.      Modification of Protective Order and Burden of Proof.**

5       The parties by written stipulation may provide for exceptions to this Order
6  and any party may seek an order of this Court modifying this Order.  This Order
7  shall be without prejudice to either party to bring before the Court at any time the
8  question of whether any particular information is or is not in fact Protected
9  Information.  Upon such hearing, the party asserting Protected Information status
10  shall have the burden of establishing same.  Any motion or application brought
11  pursuant to this paragraph shall comply with Local Rules 37-1 and 37-2.

12       **G.      Manner of Designating Documents.**

13       i.    Paper Media.  Paper documents produced by a party may be designated
14            as Protected Information by marking every page with one of the
15            following  legends  (as  appropriate):    "CONFIDENTIAL"  or
16            "CONFIDENTIAL - ATTORNEYS EYES ONLY."

17       ii.   Non-Paper Media.  Where Protected Information is produced in a non-
18            paper media (e.g. video tape, audio tape, computer disks), the
19            appropriate confidentiality designation as described in paragraph H(a)
20            above should be placed on the media, if possible, and its container, if
21            any, so as to clearly give notice of the designation.  To the extent that
22            any receiving party prints any of the Protected Information contained
23            on the non-paper media, such printouts will be marked as described in
24            paragraph H(i) above by the receiving party.

25       iii.  Physical Exhibits.  The confidentiality status of a physical exhibit shall
26            be indicated by placing a label on said physical exhibit with the
27            appropriate confidentiality designation as described in paragraph H(i)
28            above.

iv.   Original Files.  In the case of original files and records produced for inspection, no marking need be made by the designating party in advance of inspection.  For the purposes of inspection, all documents produced shall be considered as marked "CONFIDENTIAL – ATTORNEYS EYES ONLY."  Thereafter, upon selection of specified documents for copying by the inspecting party, the designating party shall, at the time the copies are produced to the inspecting party, mark as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" the copies of such documents that contain Protected Information.

v.   Written Discovery Responses.  In the case of Protected Information incorporated into answers to interrogatories or responses to requests for admission, the appropriate confidentiality designation described in paragraph H(i) above shall be placed on the first page of the document and on each answer or response that contains Protected Information.

vi.   Depositions.  Information disclosed at the deposition of a party or of one of its current or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation may be designated by the party as Protected Information.  Such designation may be made at the deposition or by correspondence from counsel within fifteen (15) days of receipt of the transcript setting forth the portions that contain Protected Information.  The Court Reporter shall designate the transcript or any part thereof "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."  During this pendency, all transcripts shall be treated as "CONFIDENTIAL – ATTORNEYS EYES ONLY."  Once a designation has been made under this paragraph, each party shall prominently attach a copy of the appropriate designation as described in paragraph H(i) to the face of

1  the transcript and each copy in its possession, custody, or control.

2  **H.     Disclosure of Protected Information by Receiving Party at a**
3  **Deposition.**

4  Subject to the terms of this Order, Protected Information may be disclosed by
5  a receiving party in a deposition, to the extent that its use is necessary, only at the
6  depositions of:

7      i.  current directors or officers of the designating party;

8      ii.  current employees of the designating party, to the extent such persons
9          would be entitled to receive such information pursuant to the
10          designating party's internal policies respecting confidentiality;

11      iii.  any person identified as a Fed. R. Civ. P 30(b)(6) witness by the
12          designating party;

13      iv.  any person employed by any affiliate company of either party or
14          employed by any non-affiliate company which has a business
15          relationship with either party, which person has prior knowledge of the
16          Protected Information or has access to such Protected Information as
17          part of his or her normal duties and responsibilities;

18      v.  an author, addressee, or other person indicated on the face of the
19          document as a lawful recipient of the document containing Protected
20          Information;

21      vi.  a person clearly identified in prior discovery or by the deponent in his
22          or her deposition as an author or recipient of the document containing
23          Protected Information (without prior disclosure of the specific
24          Protected Information);

25      vii.  an independent consultant, expert, or advisor or other person who has
26          been authorized under this Order to receive such information; or

27      viii.  any person for whom prior authorization is obtained from the
28          designating party or the Court.

STIPULATED PROTECTIVE ORDER

**I.     Initial Failure to Designate Information.**

The initial failure of a party to designate Protected Information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" in accordance with this Order shall not preclude any party, at a later date, from so designating the documents and to require such documents to be treated in accordance with such designation from that time forward.   If such Protected Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed Protected Information, advise such persons of the claim of confidentiality, and have such persons execute the Non-Disclosure Agreement attached hereto as Exhibit A.  Disclosure of the information prior to its designation as Protected Information is not a violation of this Order.

**J.     Inadvertent Production of Privileged Information.**

If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item(s) of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege.  It is further agreed that the receiving party will return such inadvertently produced item(s) of information and all copies thereof within ten (10) days of receiving a written request for the return of such item(s) of information.

**K.     Court Reporters.**

Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Protected Information, that all Protected Information is and shall remain confidential and shall not be disclosed except to the attorneys of record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes, or any other transcription record of any such testimony shall be retained in absolute

1  confidentiality and safekeeping by such reporter or shall be delivered to the attorney
2  of record for the designating party or to the Court subject to the provisions hereof.

3      **L.    Filing Documents with the Court.**

4      All information designated as Protected Information sought to be filed or
5  lodged with the Court, or any pleading or memorandum purporting to reproduce or
6  paraphrase such information, shall be filed or lodged in accordance with Local Rule
7  79-5.1 and the orders and procedures of the Judge and Magistrate Judge on this
8  case, along with an application to the Court or, where applicable, a stipulation,
9  requesting such Protected Information be filed under seal.

10      In the event that the Court denies an application or stipulation to file under
11  seal on the merits thereof because the Court has determined that the subject
12  information, in whole or in part, is not entitled to confidential treatment and the
13  party seeking such application has exhausted appellate rights from such a decision,
14  the subject information, as re-designated in whole or in part, shall no longer be
15  entitled to any confidential treatment and need not be filed under seal but may be
16  filed and used in like manner as any document that is not subject to a confidential
17  designation.

18      **M.    No Effect on Party's Own Use.**

19      Nothing contained in this Order shall affect the right of a party to disclose to
20  its officers, directors, employees, partners, or consultants or to use as it desires any
21  Protected Information designated and produced by it as "CONFIDENTIAL" or
22  "CONFIDENTIAL – ATTORNEYS EYES ONLY."

23      **N.    No Effect on Rendering Legal Advice.**

24      Nothing in this Order shall bar or otherwise prevent any attorney herein from
25  rendering advice to his or her client with respect to this litigation, and in the course
26  thereof, from relying upon his or her examination or knowledge of Protected
27  Information; provided, however, that in rendering such advice and in otherwise
28  communicating with his or her client, such attorney shall not disclose the contents

STIPULATED PROTECTIVE ORDER

-9-

1   of any Protected Information produced by another party herein to any person who is
2   not authorized to receive such information under the provisions of this Order.

3      **O.    No Effect on Disclosure to Author or Addressees.**

4          Nothing contained in this Order shall affect the right of a party to disclose
5   any Protected Information designated as "CONFIDENTIAL" or "CONFIDENTIAL
6   – ATTORNEYS EYES ONLY" to the author or addressees of the document.

7      **P.    No    Applicability    to    Independently    Obtained    or    Public**
8      **Information.**

9          No party shall be bound by this Order as to any information:

10      i.    that is lawfully obtained independent of this litigation; or

11      ii.    that is generally known to the public, provided that such information
12            was not obtained or made public in violation of this or any other
13            obligation of confidentiality.

14      **Q.    Final Disposition of Action.**

15          Within 60 days upon the final disposition of this action and exhaustion of all
16   appellate rights by all parties, each counsel of record shall promptly return to
17   counsel of record for the designating party all Protected Information and all copies
18   made thereof, or at the designating party's option the receiving party can destroy all
19   such documents.   Notwithstanding the foregoing, each counsel of record shall be
20   permitted to retain one copy of all pleadings submitted to the Court, deposition
21   transcripts and exhibits thereto, and attorney notes, irrespective of whether they
22   contain Protected Information, but such attorney shall not disclose such material
23   without further Order of this Court.

24      **R.    Effect on Discovery.**

25          This Order shall not preclude or limit the right of any party to oppose
26   discovery on any ground which would otherwise be available.

27      **S.    Survival of Terms.**

28          Absent written modification of this Order by the parties or further order of

STIPULATED PROTECTIVE ORDER

-10-

1 | the Court, the provisions of this Order that restrict the disclosure and use of
2 | Protected Information shall survive the final disposition of this action and continue
3 | to be binding on all persons subject to the terms of this Order.

4

5                                    RUTAN & TUCKER LLP

6                                    DAY PITNEY LLP

7

8 | Dated: August 25, 2008          By: _____ /s/Richard H. Brown
9                                        RICHARD H. BROWN

10

11                                   *Attorneys for Defendant and Counter-*
12                                   *Claimant MARTIN PROFESSIONAL, A/S*

13

14

15                                   McQUEEN & ASHMAN LLP

16

17 | Dated: August 25, 2008          By: _____ /s/James A. McQueen
18                                        JAMES A. McQUEEN

19

20                                   *Attorneys for Plaintiff and Counter-*
21                                   *Defendant ELATION LIGHTING, INC.*

22

23

24

25

26

27

28

                                                    STIPULATED PROTECTIVE ORDER
                                        -11-

1

**ORDER**

2

3        Based upon the stipulation of the parties and good cause having been shown,

4   IT IS SO ORDERED.

5

6                                                    _____

7   Dated:  _____          U.S. MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28